**1901 COLLINS CORP. v. SOUTHERN BELL TEL CO., et al (No. 2).**

Circuit Court, Dade County.

January 27, 1957.

Burnett Roth, Miami Beach, for plaintiff.

John H. Wahl, Jr., Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for the telephone company.

Richard W. Ervin, Attorney General, John C. Reed, Asst. Attorney General, for the state.

MARSHALL C. WISEHEART, Circuit Judge.

This cause came on to be heard, after due notice, on the petition of Richard W. Ervin, as Attorney General of the State of Florida, for a final decree.

The issue here is a serious one, namely, whether plaintiff's customary telephone facilities are being used or have been used in violation of the gambling laws of this state. The penalties for such use of one's customary telephone service are severe—as they should be.

This court looks with extreme disfavor upon gambling in any form, or other violation of the law, and would not hesitate to impose these extreme penalties if plaintiff's customary telephone service was in fact used in violation of the gambling laws of Florida. We are not concerned in the enforcement of our laws with the individual hardship which may be imposed upon the violator—every person must suffer the consequences of his acts, and this case presents no exception.

The violation must be clearly established, however, before the penalties provided are enacted. In this case the charges, if proved, would require the termination of plaintiff's customary telephone service and a cancelation of its hotel and beverage licenses. If these penalties were exacted plaintiff's lease would then by its terms be subject to cancelation. In short, plaintiff would stand to be put out of business and to lose its entire investment in its hotel, which is substantial.

The evidence here is in direct conflict. The burden of sustaining the suspension of plaintiff's customary telephone service is on the defendants, and the court is of the opinion that defendants have failed to meet the burden. The only testimony presented by defendants as to the use of plaintiff's customary telephone service in violation of the gambling laws of Florida was that of disgruntled former employees and of a paid informer, who were certainly not disinterested in the role of prosecutors before the court, their testimony was not that of unbiased reporters of fact.

As opposed to the testimony of defendants' witnesses the testimony shows that plaintiff took every precaution to prevent use of

its customary telephone service in violation of the gambling laws —including a requirement that all employees sign statements to the effect that they would not engage in any illegal activities on the premises of the Shore Club Hotel. Moreover, it is interesting to note that although both of the persons who allegedly used plaintiff's telephones for bookmaking in violation of the gambling laws were informed against and actually tried, neither was convicted of bookmaking.

Under the circumstances the court finds on the basis of the entire record that there is not sufficient evidence worthy of belief to meet the burden of proving that plaintiff's customary telephone service is being used or has been used in violation of any federal law or the laws of the state of Florida.

It is thereupon ordered, adjudged and decreed that—(1) The equities in this action are with the plaintiff and against the defendants. (2) The defendants are permanently enjoined from removing plaintiff's customary telephone facilities at 1901 Collins Ave., Miami Beach, and from interfering in any manner with plaintiff's use and enjoyment of such telephone facilities. (3) Plaintiff and its surety upon the injunction bond posted in this action are released and discharged from any and all liability to defendants, and the said injunction bond is hereby canceled.